UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

iAR 22  8 56 AM '04

U.S DISTRICT COURT
NEW HAVEN. CONN

LAMONT MINTER,                    :
          Petitioner,             :
                                  :   PRISONER
     v.                           :   NO. 3:03cv164 (JBA)
                                  :
COMMISSIONER OF CORRECTIONS,      :
          Respondent.             :

## RULING ON MOTION TO DISMISS

The petitioner, Lamont Minter, is currently confined at the
Osborn Correctional Institution in Somers, Connecticut.  He
brings this action pro se for a writ of habeas corpus, pursuant
to 28 U.S.C. § 2254, challenging his conviction on the charge of
murder.  Pending before the court is a motion to dismiss filed by
the respondents.  For the reasons set forth below, the
respondents' motion to dismiss [doc. #8] is GRANTED.

I. PROCEDURAL BACKGROUND

In April 1993, in the Connecticut Superior Court for the
Judicial District of New Haven, the petitioner pleaded guilty to
one count of murder in violation of Connecticut General Statutes
§ 53a-54a(a).  On July 9, 1993, the petitioner was sentenced to a
total term of imprisonment of thirty years.  (See Pet. Writ
Habeas Corpus at 1.)  He did not appeal his conviction.

In July 1997, the petitioner filed a petition for writ of
habeas corpus in state court challenging his conviction on the
ground that he was not afforded effective assistance of counsel
at trial.  (See Pet. Writ Habeas Corpus at 3.)   In December

1999, the petitioner withdrew the petition with prejudice. <u>See</u> <u>Minter v. Warden</u>, No. CV-97-0404748, Dec.15, 1999 (withdrawal of action).[1]

On January 14, 2003, the petitioner filed the present federal habeas petition.[2]  The petitioner raises two grounds for relief: (1) insufficient evidence to support a conviction and (2) ineffective assistance of counsel at trial and sentencing.

## II.   STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), significantly amended 28 U.S.C. §§ 2244, 2253, 2254, and 2255. Specifically, the AEDPA amended § 2244(d)(1) to now impose a one year statute of limitations on federal petitions for a writ of habeas corpus challenging a judgment of conviction imposed by a state court:

---

[1]  The court takes judicial notice of documents filed in state court as well as motions, rulings and pleadings filed in those cases.  <u>See</u> <u>Kramer v. Time Warner, Inc.</u>, 937 F.2d 767, 774 (2d Cir. 1991) noting that "courts routinely take judicial notice of documents filed in other courts, again not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.  <u>See, e.g.</u>, <u>United States v. Walters</u>, 510 F.2d 887, 890 n. 4 (3d Cir.1975) (on review of denial of habeas corpus, judicial notice of briefs and petitions filed in state courts to determine whether petitioner had exhausted his state remedies)."

[2]  Although the petition was received and docketed by the court on January 24, 2003, the court deems the petition filed as of the date the prison account statement in the petitioner's in forma pauperis application was signed by prison officials.  The court presumes the petition and in forma pauperis application were handed to correctional officials for mailing to the court on the same date the account statement was signed.  <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266, 270-71, 274 (1988) (holding that prisoner motions are deemed filed at the time they are delivered to prison officials for mailing).   The Second Circuit has applied this "mailbox rule" to <u>pro</u> <u>se</u> federal habeas corpus petitions.  <u>See</u> <u>Noble v. Kelly</u>, 246 F.3d 93, 97-98 (2d. Cir.), <u>cert. denied</u>, 534 U.S. 886 (2001).

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d).

A conviction becomes final at "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). See Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000). The Second Circuit has held that the limitations period does not begin until the completion of direct appellate review in the state courts and either the denial of a petition for certiorari by the United States Supreme Court or the expiration of the time within which to file a petition for a writ

3

of certiorari.  See Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001).  The limitations period is tolled by the filing of a state habeas petition, but not by the filing of a federal habeas petition.  See 28 U.S.C. § 2244(d)(2)(statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending"); Duncan v. Walker, 533 U.S. 167, 181-82 (2001)(pending federal habeas petition does not toll statute of limitations under 28 U.S. § 2244(d)(2)).  Where a petitioner's conviction became final before the AEDPA's effective date of April 24, 1996, and there is no pending petition for collateral relief that would toll the statute of limitations, the Second Circuit has held that the petitioner must file his federal habeas corpus petition within one year after the enactment of the AEDPA, or on or before April 24, 1997.  See Ross v. Artuz, 150 F.3d 97, 102-03 (2d Cir. 1998).

A petitioner must also exhaust all available state remedies prior to filing a habeas petition in federal court.  See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509, 510 (1982); Daye v. Attorney General of the State of New York, 696 F.2d 186, 190 (2d Cir. 1982), cert. denied, 464 U.S. 1048 (1982); 28 U.S.C. § 2254(b)(1)(A).  The exhaustion requirement is not jurisdictional; rather, it is a matter of federal-state comity.  See Wilwording v. Swenson, 404 U.S. 249, 250 (1971) (per curiam).  The exhaustion doctrine is designed not

4

to frustrate relief in the federal courts, but rather to give the state court an opportunity to correct any errors which may have crept into the state criminal process. See id. Ordinarily, the exhaustion requirement has been satisfied if the federal issue has been properly and fairly presented to the highest state court either by collateral attack or direct appeal. See O'Sullivan, 526 U.S. at 843 (citing Brown v. Allen, 344 U.S. 443, 447 (1953)). "[T]he exhaustion requirement mandates that federal claims be presented to the highest court of the pertinent state before a federal court may consider the petition." Pesina v. Johnson, 913 F.2d 53, 54 (2d Cir. 1990).

The Second Circuit requires the district court to conduct a two-part inquiry. First, the petitioner must have raised before an appropriate state court any claim that he asserts in a federal habeas petition. Second, he must "utilize[] all available mechanisms to secure appellate review of the denial of that claim." Lloyd v. Walker, 771 F. Supp. 570, 573 (E.D.N.Y. 1991) (citing Wilson v. Harris, 595 F.2d 101, 102 (2d Cir. 1979)). A petitioner must present his federal constitutional claims to the highest state court before a federal court may consider the merits of the claims. See Grey v. Hoke, 933 F.2d 117, 119 (2d Cir. 1991). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." O'Sullivan, 526 U.S. at 845.

5

## III.  DISCUSSION

The respondents argue that the amended petition is barred by the statute of limitations.  In addition, the respondents argue that the petition should be dismissed because the petitioner has failed to exhaust his state court remedies as to either claim in the petition.

### A.  Statute of Limitations

The petitioner was sentenced on July 9, 1993.  He did not appeal his conviction.  The court considers that the petitioner's conviction became final on July 29, 1993, the expiration of the time permitted for filing a direct appeal.  See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001) (noting that, where petitioner did not appeal conviction, petitioner's conviction became final at expiration of time to file direct appeal in state court).  Because the petitioner's conviction became final before the enactment of the AEDPA, he is entitled to the one-year grace period within which to file a federal habeas petition.  Accordingly, his petition must have been filed on or before April 24, 1997.

The petitioner did not file his petition for writ of habeas corpus in state court until July 10, 1997, at the earliest, approximately two and one-half months after the expiration of the grace period.  The July 1997 petition does not toll the limitations period because the limitations period expired before the petitioner filed his petition in state court.  See Webster v.

Moore, 199 F.3d 1256, 1259 (11th Cir.) (holding that section 2244(d)(2) requires that properly filed state habeas corpus petitions or motions for post-conviction relief must be pending to toll the limitations period; where a state collateral attack is not filed until after the limitations period has expired, it "cannot toll that period because there is no period remaining to be tolled"), cert. denied, 531 U.S. 991 (2000). Accordingly, the court concludes that the present petition is untimely.

The Second Circuit has held that the limitations period set forth in 28 U.S.C. 2244(d) and the one-year grace period may be equitably tolled. See Rodriguez v. Bennett, 303 F.3d 435, 438 (2d Cir. 2002) ("the fact that § 2244(d)(2) does not cause exclusion of the federal petition's time of pendency does not necessarily exclude the possibility of discretionary tolling on equitable grounds."); Smith v. McGinnis, 208 F.3d 13, 15-17 (2d Cir.) (adopting the position that "the one-year period is a statute of limitations rather than a jurisdictional bar so that courts may equitably toll the period"), cert. denied, 531 U.S. 840 (2000). Equitable tolling, however, is available only in the "'rare and exceptional circumstance[].'" Id. at 17 (quoting Turner v. Johnson, 177 F.3d 390, 391-92 (5th Cir.), cert. denied, 528 U.S. 1007 (1999)). It requires petitioner to "demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented

successful filing [of his petition] during that time." <u>Smaldone</u> <u>v. Senkowski</u>, 273 F.3d 133, 138 (2d Cir. 2001)(quoting <u>Smith</u>, 208 F.3d at 17; <u>Sanvick v. United States</u>, 177 F.3d 1269, 1271 (11th Cir. 1999)). The burden is on the petitioner to demonstrate that "extraordinary circumstances prevented him from filing his [habeas] petition" within the limitations period. <u>Smith</u>, 208 F.3d at 17 (citing <u>Johnson v. Nyack Hospital</u>, 86 F.3d 8, 12 (2d Cir. 1996).

The petitioner has not responded to the motion to dismiss, despite the Court's Notice to him, filed December 5, 2003 [doc. #11], and his petition contains no facts to warrant tolling of the statute of limitations. The court concludes the petitioner is not entitled to equitable tolling of the statute of limitations. Accordingly, the motion to dismiss is granted on the ground that the petition is barred by the statute of limitations.

### B. Exhaustion of State Court Remedies

Even if the petition had been timely filed, the respondent argues that it should be dismissed because neither claim in the petition is exhausted. The petitioner describes his first claim as an insufficiency of the evidence claim. The petitioner did not appeal his conviction and indicates that he did not raise this claim in his state habeas petition. Thus, the first claim is not exhausted.

The petitioner describes his second claim as an ineffective assistance of counsel claim. He alleges that he raised this claim in his state habeas petition. The petitioner, however, withdrew his state habeas petition with prejudice in December 1999. Thus, the petitioner has not exhausted his state court remedies as to the second claim in the present petition. The court concludes the petitioner has failed to exhaust his state court remedies as to both claims in the petition. Accordingly, the motion to dismiss is also granted for failure to exhaust state court remedies.

## Conclusion

The respondents' Motion to Dismiss [**doc. #8**] the petition for writ of habeas corpus is **GRANTED**. The Clerk is directed to close this case.

The Supreme Court has held that,

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). However, the Supreme Court further stated that, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude

9

either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id. This court concludes that a plain procedural bar is present here; no reasonable jurist could conclude that the statute of limitations is not applicable to bar the Petition, or that the petitioner has exhausted his state court remedies with regard to any ground for relief or that he should be permitted to proceed further. Accordingly, a certificate of appealability will not issue.


IT IS SO ORDERED.


Janet Bond Arterton
United States District Judge

Dated at New Haven, Connecticut: March 18, 2004