U.S. District Court of Connecticut at

LAMONT MINTER

v

Commissioner of Corrections

3:03CV164 (JBA)
(JGM)

2004 OCT 22 P 4:02

Notice of Appeal and Supplemental Opposition to Dismissal of A Habeas Corpus Petition By U.S. Judge

Pursuant to Simpson v Matesanz 175 F3d 200 (1st Cir. 1999) A Federal Court may excuse a procedural default if he could demonstrate that he has suffered a fundamental and gross miscarriage of justice. Also Lucas v Johnson 132 F3d 1069 (5th Cir. 1998) says "Claim of Actual Innocence may serve as a Gateway Through which a Habeas Petitioner must pass to have his otherwise barred constitutional claims

Considered on The Merits.

I Alledge That Under Strickland v Washington 466 U.S. 668, 104 S.Ct. 2052 (1984) if A Proper investigation would Have Been Done, The Results of The Proceedings would Have Been Different. Under The 6th Amendment I Had The Clear Right To Compell un Cooperative Witnesses, with Exculpatory And Relevant Data. People That Had Material Evidence And witnessed The November 29, 1991 incident could Have Been Compelled And Forced to Testify in My Favor. During the Plea Canvas Judge Ronan Never told Me That I was

Waiving the right to compell witnesses. Due to my age and unfamiluarity with the court system and lack of education the plea canvas was inadequate.

There were numerous witnesses to what happened. Some were in my favor and some were not. Brady v Maryland 373 U.S. 83 (1963) makes it manditory that the prosecution not suppress favorable evidence. The sworn statements given to police proved that this homicide was truly self defence. Based on U.S v Zuno-Arce 44 F.3d 1420 (9th Cir. 1995) the investgative agency / New Haven Police

Did HAVE Exculpatory Evidence." Under Brady Exculpatory Evidence cannot be Kept out of Hands of Defense just Because Prosecutor Does Not Have it, where investigating Agency does.

Since The Failure to investigate Potentially sound Defense can, Under Some Circumstances, Constitute ineffective Assistance of Counsel According to Brown V Johnson 224 F.3d 461 (5th Cir. 2000) The Fingerprints of The deseased on Both Shells Proved Self Defence Beyond A Reasonable Doubt.

Although I Took The Gun From A Juvinile That was Known To utilize Weapons. I Never

would HAVE PLEAD Guilty under THE ALFRED Doctorine.

Most Judges And Jury's BELIEVE in THE Doctorine of inescapaBLE Logic. The Finger Prints of TERRANCE BAiLey on The Shell casings Was Solid Proof, That The Conviction of ONE Who is Actually innocent HAS occurred Therein under HEFFERNAN v Norris 48 F.3d 331 (8th Cir. 1995) I Should GET A HEARING And BE RELEASED

DATED 10-25-14

RespectFully SuBmitted
> Lamont Minter
LAMONT MINTER
100 Bilton Road
Somers, Connecticut 06071

## ORDER

GRANTED \_\_\_\_   DENIED \_\_\_\_

SO ORDERED: _____

Dated This \_\_\_\_ Day of _____, \_\_\_\_

## CERTIFICATION

I HEREBY CERTIFY THAT Assistant STATES Attorney Jo Anne Sulik 300 Corporate Place Rocky Hill, Connecticut 06067 ON 10-25-04 WAS MAILED A TRUE Copy of This PLEADING

Dated 10-25-04           X /s/ Lamont Minter
                            LAMONT MINTER